UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                           Case No: 6:17-cv-89-Orl-40TBS

NEW SMYRNA ACD LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant, New Smyrna ACD, LLC.'s Motion to Dismiss the Second Amended Complaint with Prejudice (Doc. 40), filed September 25, 2017; and Plaintiff's Response (Doc. 45), filed October 17, 2017. The parties have completed their briefing and the Court is otherwise fully advised on the premises. For the following reasons, the Court finds that Defendant's motion to dismiss for lack of standing is due to be granted.

**I.    BACKGROUND**

Plaintiff, Patricia Kennedy, sues Defendant, New Smyrna ACD LLC, seeking a declaratory judgment and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. Plaintiff is unable to walk, has limited use of her hands, and relies on a wheelchair to move. (Doc. 36, ¶ 1). Plaintiff alleges that she suffered discrimination based on access barriers at the New Smyrna Beach Shopping Center (the "Property"), a property owned by Defendant. (*Id.* ¶¶ 1, 7). She also claims to be a "tester" for ADA compliance in places of public accommodation and often travels to such facilities for this purpose. (*Id.* ¶ 9). As both a patron and a tester, therefore, Plaintiff

allegedly visited Defendants' location once—on December 13, 2016—before initiating this action on January 19, 2017. (*Id.* ¶ 8).

The Property is located in New Smyrna Beach, Volusia County, Florida. (*Id.* ¶ 7). Plaintiff lives in Broward County, Florida. (*Id.* ¶ 1). Plaintiff alleges that she observed violations in the Property's parking lot and in three businesses occupying retail space located on the Property. (*Id.*). Specifically, she alleges (1) there is no accessible route between disabled parking spaces and the essential elements of the Property; and (2) that the restrooms in Curley's Barber Shop, Sherwin Williams, and Top Nails fail to meet ADA requirements. (*Id.*). Plaintiff claims she has visited "Volusia County frequently since late 2016," and that "she has been there as often as twice a month." (*Id.* ¶ 8). She "plan[ned] to return to the [P]roperty in the near future, specifically, in September of [2017], to avail herself of the goods and services offered to the public at the [P]roperty, and to determine whether the [P]roperty has been made ADA compliant." (*Id.*)

## II. STANDARDS OF REVIEW

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976.

## III. DISCUSSION

Defendant moves to dismiss on three bases: (1) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) lack of standing; and (3) failure to include indispensable parties. A favorable ruling for Defendant on its Rule 12(b)(1) motion to dismiss for lack of standing is, however, dispositive because it attacks the Court's subject matter jurisdiction over Plaintiff's claim.

Defendant challenges Plaintiff's standing based on the allegations of the Second Amended Complaint and Plaintiff's history of filing ADA suits. (Doc. 40). In response, Plaintiff submitted an affidavit describing her intention to return to the Property, and reciting the many times she has visited Volusia County between November 2016 and October 2017. (Doc. 45-1). Because such evidence is extrinsic to the pleadings, the Court construes Defendant's challenge as a factual attack; therefore, the Court can "consider extrinsic evidence such as deposition testimony and affidavits." *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (construing a 12(b)(1) challenge as factual because the parties submitted evidence outside of the complaint). Moreover, the Court can weigh facts, and is not required to view those facts in the light most favorable to Plaintiff. *Id.* at 1336.

To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury will be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Houston*, 733 F.3d at 1328. In the ADA context, when seeking prospective, injunctive relief, a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future. *Houston*, 733 F.3d at 1328. This means that the threat of future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.*

Here, Plaintiff meets the first two elements of standing. First, Plaintiff has sufficiently shown an injury-in-fact based on the barriers she faced at Defendant's Property. (*See* Doc. 45-1, ¶ 5). Being deterred from returning to Defendant's property in the future due to discriminatory barriers establishes a "cognizable interest for purposes of standing." *See Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) (citation and quotation marks omitted). Second, Plaintiff satisfies causation because her alleged injury-in-fact occurred at the Property where she encountered those barriers. *See De Palo v. Walker Ford Co.*, No. 8:15-cv-169-T-27AEP, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015).

Finally, Plaintiff must demonstrate that her injury "will be redressed by a favorable decision." *See Houston*, 733 F.3d at 1328. To do so where, as here, the plaintiff seeks prospective injunctive relief, she must show that she will plausibly suffer future disability discrimination from the defendant. *See Hoewischer*, 877 F. Supp. 2d at 1222. To establish the requisite "real and immediate threat of future injury," a plaintiff pursuing injunctive relief "under Title III either must 'have attempted to return' to the non-compliant building

4

or at least 'intend to do so in the future.'" *Houston*, 733 F.3d at 1336 (first quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); and then quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001)).

Analyzing the threat of future discrimination frequently turns on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant."[1] *See Hoewischer*, 877 F. Supp. 2d at 1223. The standing determination for a plaintiff seeking injunctive relief is a "fact-sensitive inquiry[.]" *Houston*, 733 F.3d at 1340. "District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury." *Id.* at 1337 n.6. For the reasons discussed below, the Court finds that Plaintiff's likelihood of suffering a future injury is speculative or conjectural.

The first factor weighs in Defendant's favor. According to Defendant's motion to dismiss, the distance between Plaintiff's residence and Defendants' property is approximately 240 miles.[2] (Doc. 4, p. 3). The Eleventh Circuit has suggested that such a distance tends to negate the likelihood of future injury absent other connections to the area in question. *See Houston*, 733 F.3d at 1337 (finding standing present where the plaintiff lived 30.5 miles from the business in question, but noting, "[o]f course, different

---

[1] Plaintiff, in her Response to Defendant's Motion to Dismiss, characterizes this four-part test as a departure from *Houston v. Marod Supermarkets, Inc.*, an Eleventh Circuit ADA case binding on this Court. (Doc. 45, p. 10). Plaintiff is wrong. The four-factor test was discussed approvingly by the *Houston* court, which "considered each of the four factors in reaching" a decision, but cautioned that the four factors are not exclusive and none of the factors are dispositive. *Houston*, 733 F.3d at 1337 n.6. The *Houston* court also directed district courts to apply a "totality of the facts" standard. *Id.*

[2] Plaintiff does not dispute this contention.

facts may demand a different conclusion" had the plaintiff lived "hundreds of miles away from the store with no particular reason to return"). The likelihood of future injury is therefore lessened based on this distance.

Second, Plaintiff's past patronage does not weigh in her favor. At the time Plaintiff initiated this action, she had allegedly visited the Property once, in December 2016. (Doc. 36, ¶ 8). By only visiting the Property once before filing, Plaintiff has not established that she is a frequent visitor to the Property.

The third factor does not decisively tilt in either direction. In the Second Amended Complaint, Plaintiff disclosed "plans to return to the [P]roperty in the near future, specifically, in September of [2017], to avail herself of the goods and services offered to the public at the [P]roperty, and to determine whether the [P]roperty has been made ADA compliant." (Doc. 36, ¶ 8). Subsequently, Plaintiff averred by affidavit a plan to visit "Volusia County frequently during the upcoming months and [to visit Defendant's property] in the near future." (Doc. 45-1, ¶ 8). Plaintiff's intent to return allegations are facially formulaic, and Plaintiff's intent to return to test for ADA compliance is the only motivating factor that withstands scrutiny. An intent to return in the future to a place once-visited without an additional connection to the area or reason to visit again does not suffice for standing. *Cf. Houston*, 733 F.3d at 1336 (finding that, despite the distance to the store, plaintiff there had standing because the market at issue was on the way to his attorney's office in Miami, which he had reason to visit with frequency). Although Plaintiff failed to specifically articulate a motive for future visits to Defendant's property aside from her motive as an ADA tester, the tester motive has been recognized as legitimate by the Eleventh Circuit. *Id.* However, a desire to return to test for ADA compliance has not been

recognized by the Eleventh Circuit as sufficient, without more, to give rise to standing. Rather, it has been considered alongside other facts demonstrating a plaintiff's concrete plan to return to a property. *See, e.g.*, *id.* The third factor is thus relatively neutral.

The fourth factor weighs in Plaintiff's favor. In her affidavit, Plaintiff avers that she has visited Volusia County frequently since 2016, making at least twenty-five visits since February 2017. (Doc. 45-1, ¶ 8). The Court finds these contentions credible, thus the fourth factor weighs in Plaintiff's favor.

Under the "totality of the facts," the Court finds Plaintiff has failed to meet her burden of establishing standing. Only one factor tilts in Plaintiff's favor, while the first two factors decisively weigh against Plaintiff. Without more, Plaintiff's bare allegation of generalized plans to travel more than 200 miles to inspect Defendant's property for ADA compliance fails to demonstrate a likelihood of future injury.

Absent standing, Plaintiff's claims cannot continue, so the Court need not address Defendant's other grounds for dismissal. (Doc. 40). Moreover, because this is a factual attack in which Plaintiff submitted evidence to support her standing in this case, further opportunity to amend her complaint is not warranted. *See, e.g.*, *Lamb v. Charlotte Cty.*, 429 F. Supp. 2d 1302, 1305–11 (M.D. Fla. 2006) (granting defendant's 12(b)(1) factual attack on plaintiffs' standing and terminating case). Plaintiff's Second Amended Complaint, therefore, is dismissed with prejudice.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant, New Smyrna ACD, LLC.'s Motion to Dismiss the Second Amended Complaint with Prejudice (Doc. 40) is **GRANTED in part and DENIED in part**.

    a. The Motion is **GRANTED** based on Defendant's 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction.

    b. In all other respects, the Motion is **DENIED**.

2. Plaintiff Patricia Kennedy's Second Amended Complaint (Doc. 36) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case and terminate any pending deadlines.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 22, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties